IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01240-BNB

BRUCE A. DETLOF,

    Plaintiff,

v.

G.I. TRUCKING COMPANY, d/b/a Estes West, and
ESTES EXPRESS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Bruce A. Detlof, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Detlof is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Detlof will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Complaint is deficient because it is not clear who Mr. Detlof is suing. Mr. Detlof lists two parties in the caption of the Complaint, as indicated in the caption of this order, but he does not list Estes Express as a separate Defendant in the body of the Complaint (*see* ECF No. 1 at 2) and he does not provide an address where Estes Express may be served. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Regardless of who Mr. Detlof names as Defendants, he must provide a complete address for each named

Defendant so that they may be served properly.

The Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Detlof fails to provide a short and plain statement of his claims showing he is entitled to relief.  It is clear that Mr. Detlof is asserting one or more claims of employment discrimination pursuant to the Americans with Disabilities Act (ADA).  It is not clear what specific facts support each ADA claim.  For example, Mr. Detlof alleges that he endured harassment and retaliation on the job but he does not allege facts that describe the alleged harassment and retaliation.  Mr. Detlof also includes in the

Complaint allegations regarding damages to his personal vehicle and medical claims that may or may not be relevant to the employment discrimination claims he is asserting pursuant to the ADA.  If the allegations regarding damages to his personal vehicle and medical claims are relevant to the ADA claims, Mr. Detlof must provide facts that explain how those allegations are relevant.  If, instead, the allegations regarding damages to his personal vehicle and medical claims are intended to support some other claim or claims, Mr. Detlof must explain what those claims are.

For these reasons, Mr. Detlof must file an amended complaint.  Mr. Detlof must identify, clearly and concisely, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Detlof file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Detlof shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Detlof fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED May 2, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge
